**United States District Court**
**Central District of California**

## A-M-E-N-D-E-D TO INCLUDE RESTITUTION IMPOSED ON JUNE 22, 2015

| UNITED STATES OF AMERICA vs. | Docket No. | ED CR 13-00044(A) VAP |
|---|---|---|

| Defendant | [1] CURTIS IVORY HAYS, II | Social Security No. | 0  8  4  1 |
|---|---|---|---|
| akas: | None | | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 13 | 2015 |

**COUNSEL**       ALAN EISNER, Retained
(Name of Counsel)

**PLEA**  ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE  ☐ NOT GUILTY

**FINDING**  There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:

18 U.S.C. § 371, in violation of Conspiracy, as charged in Count One of the First Superseding Indictment;

18 U.S.C. § 924(l), in violation of Theft of Firearms in Interstate and Foreign Commerce, as charged in Counts Two, Three, Four, Five, Six and Seven of the First Superseding Indictment;

18 U.S.C. §§ 922(j), 924(a)(2), in violation of Receipt and Possession of Stolen Firearms in Interstate and Foreign Commerce, as charged in Counts Eight, Nine, Ten, Eleven, Twelve and Thirteen of the First Superseding Indictment;

18 U.S.C. § 659, in violation of Theft, Receipt and Possession of Interstate and Foreign Shipment, as charged in Counts Fourteen and Fifteen of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $1,500, which is due immediately. Any unpaid balance shall be due during the period of imprisonment at the rate of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

*The defendant shall pay restitution in the total amount of $49,458.21, to be paid to the victims, as set forth on the attached Victim List, EXHIBIT A.*

*Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of a least 10 percent of defendant's gross monthly income, but not less than $100, whichever is greater, shall be made during the period of supervised release, and shall begin 30 days after the commencement of supervision.*

*The Court orders nominal restitution payments, as it finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered. If the defendant makes a partial payment,*

Case 5:13-cr-00044-VAP   Document 183   Filed 06/27/15   Page 2 of 9   Page ID #:1019

USA vs. CURTIS IVORY HAYS, II                              Docket No.: ED CR 13-00044(A) VAP

each payee shall receive approximately proportional payment, unless another priority order or percentage payment is specified in the judgment.

Pursuant to 18 U.S.C. §3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to U.S.C. §3612(g),

The defendant shall comply with General Order 01-05

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Curtis Ivory Hays II, is hereby committed on Counts 1 through 15 of the First Superseding Indictment to the custody of the Bureau of Prisons for a term of 41 months. This term consists of 41 months on each of Counts 1 through 15, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1 through 15, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2. *During the period of supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.*

3. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Office.

4. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court suspends the drug testing condition mandated by statute as the Court determines that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on July 6, 2015. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

> United States Court House
> 3470 Twelfth Street, Room G-122
> Riverside, CA 92501

DEFENDANT INFORMED OF RIGHT TO APPEAL.

On Government's motion, the underlying indictment, ORDERED dismissed.

| USA vs. CURTIS IVORY HAYS, II | Docket No.: ED CR 13-00044(A) VAP |
|---|---|

The Court RECOMMENDS that the defendant be placed at a Bureau of Prisons facility in the Southern California vicinity.

THE BOND IS ORDERED EXONERATED UPON THE DEFENDANT'S SELF-SURRENDER TO CUSTODY.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_/s/ Virginia A. Phillips_

| June 27, 2015 | |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| June 27, 2015 | By | M. Dillard |
|---|---|---|
| Filed Date | | Deputy Clerk |

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

# EXHIBIT

# "A"

EDCR13-00044(A) VAP, U.S.A. -v- [1] CURTIS IVORY HAYS, II

VICTIM RESTITUTION LIST

| Victim | Address | Amount |
|---|---|---|
| Legacy Sports International | 4750 Longley Lane, Suite 209, Reno, NV 89502 | $2,156.25 |
| Benelli USA | 17603 Indian Head Highway #200, Accokeek, MD 20607 | $3,815.44 |
| Browning Arms Company | One Browning Place, Morgan, UT 84050 | $5,200.00 |
| Kimber Manufacturing | 1 Lawton Street, Yonkers, NY 10705 | $28,907.64 |
| United Parcel Service, Inc. | 55 Glenlake Parkway NE, Atlanta, GA 30328 | $832.22 |
| Costco Wholesale Corporation | 999 Lake Drive, Issaquah, WA 98027 | $7,296.71 |
| AT&T Mobility | 1025 Lenox Park Boulevard, Atlanta, GA 30319 | $1,249.95 |
| Total | | $49,458.21 |

EXHIBIT "A"

Case 5:13-cr-00044-VAP   Document 183   Filed 06/27/15   Page 6 of 9   Page ID #:1023

| | |
|---|---|
| USA vs.   CURTIS IVORY HAYS, II | Docket No.:   ED CR 13-00044(A) VAP |

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;

16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

Case 5:13-cr-00044-VAP   Document 183   Filed 06/27/15   Page 7 of 9   Page ID #:1024

USA vs.   CURTIS IVORY HAYS, II                                    Docket No.:   ED CR 13-00044(A) VAP

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
     Private victims (individual and corporate),
     Providers of compensation to private victims,
     The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

# RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                             Deputy Marshal

# CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                       Deputy Clerk

USA vs.   CURTIS IVORY HAYS, II                              Docket No.:   ED CR 13-00044(A) VAP

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                    _____
         Defendant                                          Date


_____                              _____
U. S. Probation Officer/Designated Witness                  Date